UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. _____

MICHAEL K. HOFFMAN,
*Petitioner,*

v.

WARDEN, FCI SANDSTONE,
*Respondent.*

24-cv-4344 (KMM/SGE)

**MEMORANDUM OF LAW
IN SUPPORT OF
28 U.S.C. § 2241 PETITION**

The Federal Bureau of Prisons will not tell Petitioner Michael K. Hoffman when he is going home. The Court must determine when Hoffman is going home. The Court should declare that Hoffman's conditional transition to community date is November 22, 2024.

### INTRODUCTION

The Federal Bureau of Prisons will not tell Petitioner Michael K. Hoffman when he is going home. Hoffman submitted administrative remedy requests to his warden, regional director and central office. In these requests, Hoffman asked a simple question: When am I going home? Hoffman did not receive an answer. Instead, Hoffman was told that the Federal Bureau of Prisons is developing an automated calculator to determine when Hoffman is going home, but that the calculator isn't ready.

The Court must determine when Hoffman is going home. The Court should subtract from Hoffman's sentence expiration date all of the time credits Hoffman can earn during his sentence. When the Court performs this calculation, it will conclude that Hoffman will go home on November 22, 2024.

## BACKGROUND

Petitioner Michael Hoffman is serving a 180-month term of imprisonment for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Hoffman's sentence expires on September 19, 2031.

**I.   Hoffman's sentence will be reduced by three statutory time credit programs.**

Federal prisoners can reduce their sentence or earn placement in community custody (*i.e.,* halfway house or home confinement versus institutional custody) via a variety of statutory time credit programs. The programs at issue in this petition are: (1) good conduct time; (2) First Step Act time credits; and (3) the Second Chance Act time credits.

**A.   Good conduct time.**

18 U.S.C. § 3624(b) provides that prisoners are eligible to earn up to 54 days of good conduct time credits per year. Prisoners can lose good conduct time credits through disciplinary incidents.

Hoffman lost 234 days of good conduct time credits for possessing a cell phone at a federal prison camp. He has not had any other disciplinary incidents. Hoffman is eligible to earn a maximum of 576 days of good conduct time credits during his term of imprisonment.[1] These credits can be applied towards reducing Hoffman's sentence.

---

[1] $\left(15 \text{ years} * 54 \frac{days}{year}\right) - 234 \text{ } days = 576 \text{ days}$

**B.     First Step Act time credits.**

The First Step Act's time credit provisions are established at 18 U.S.C. § 3632(d)(4). Prisoners are assigned a risk of recidivism: Minimum, Low, Medium or High. Prisoners with Minimum or Low risks of recidivism are eligible to earn 15 First Step Act time credits ("FTCs") every 30 days. *Id.* Prisoners with Medium or High risks of recidivism are eligible to earn 10 FTCs every 30 days. *Id.*

The First Step of Act was signed into law on December 21, 2018. Hoffman has been imprisoned for the First Step Act's entire duration. There are 4,655 days between the First Step Act's passage into law on December 21, 2018 and Hoffman's sentence completion date of September 19, 2031. Hoffman earns 10 FTCs every 30 days.[2] Hoffman is eligible to earn 1,551 FTCs during his term of imprisonment.[3] These FTCs can be applied towards reducing Hoffman's sentence and/or community custody.

**C.     Second Chance Act time credits.**

The Second Chance Act authorizes prisoners to receive the greater of six months or ten percent of their sentence (with a maximum of twelve months) in Second Chance

---

[2] Prisoners who reduce their risk of recidivism from High/Medium to Low/Minimum must maintain their reduced risk of recidivism for two assessments before they start to earn 15 FTCs every 30 days. Hoffman recently reduced his risk of recidivism to Low, but he will continue to earn 10 FTCs every 30 days until he has maintained his Low risk of recidivism over two assessments. For the sake of this petition, Hoffman is using his current earning rate of 10 FTCs per 30 days.

[3] $4,655 \; days * \frac{10 \; FTCs}{30 \; days} = 1,551$ FTCs.

3

Act time credits. Ten percent of Hoffman's 180-month sentence is 18 months. Hoffman is capped at receiving 12 months—or 365 days—of Second Chance Act time credits.

### D. Hoffman is eligible to earn 2,487 time credits between good conduct time, the First Step Act and the Second Chance Act.

Hoffman is eligible to earn a total of 2,487 time credits between good conduct time, the First Step Act and the Second Chance Act.

## II. The Federal Bureau of Prisons is failing to integrate good conduct time, First Step Act time credits and Second Chance Act time credits.

The Federal Bureau of Prisons is failing to integrate good conduct time, First Step Act time credits and Second Chance Act time credits. Because of this, it cannot tell Hoffman when he is going home. This is true even though the newest addition to these time credit provisions—the First Step Act—is six years old.

The Bureau of Prisons has made two attempts to integrate good conduct time, First Step Act time credits Second Chance Act time credits. In September 2024, the Bureau of Prisons released a projection for when Hoffman is going home. That projection was withdrawn. In October 2024, the Bureau of Prisons released another projection for when Hoffman is going home. That projection was also withdrawn. Hoffman and other prisoners are awaiting another update from the Bureau of Prisons.

Hoffman does not know when he is going home.

## ARGUMENT

Hoffman has exhausted his administrative remedies. The Court has jurisdiction to declare when Hoffman is going home. The Court should declare that Hoffman's conditional transition to community date is November 22, 2024.

### I.  **Hoffman has exhausted his administrative remedies.**

Hoffman exhausted his administrative remedies by submitting form BP-9 to his warden, form BP-10 to his regional director and form BP-11 to the central office. Hoffman has exhausted his administrative remedies.

### II.  **The Court has jurisdiction to declare when Hoffman is going home.**

This petition asks the Court to declare when Hoffman is going home. Such a request falls squarely within the Court's section 2241 jurisdiction. *See, e.g., Hill v. Warden King,* No. 0:23-cv-1365-KMM-JFD (D. Minn. Oct. 7, 2024) (exercising jurisdiction over a 28 U.S.C. § 2241 petition raising FTC calculation issue).

### III.  **The Court should declare that Hoffman's conditional transition to community date is November 22, 2024.**

The Court should declare that Hoffman's conditional transition to community[4] date is November 22, 2024.

---

[4] In its since-withdrawn October 2024 projections, the Bureau of Prisons introduced the term "conditional transition to community" to refer to the date when, under a best case scenario, a prisoner will complete their sentence and/or be transferred to community custody. Hoffman will adopt that term in this petition.

As a starting point, the Federal Bureau of Prisons has successfully integrated good conduct time with Second Chance Act time credits. Its algorithm[5] for doing so is:

> Sentence Expiration Date
> *Less*: Maximum Possible Good Conduct Time Credits
> *Less*: <u>Maximum Possible Second Chance Act Credits</u>
> Conditional Transition to Community Date

This algorithm must be updated to incorporate First Step Act time credits.

Although the Federal Bureau of Prisons has yet to disclose its First Step Act-inclusive conditional transition to community date algorithm, the First Step Act instructs the Federal Bureau of Prisons on how to integrate FTCs with such other time credit incentives as good conduct time and Second Chance Act time credits. Specifically, the First Step Act provides that FTCs are determined independently of other incentive programs. 18 U.S.C. § 3632(d)(6). This means that good conduct time credits, Second Chance Act time credits and other incentives do not reduce or otherwise affect the number of FTCs a prisoner can earn.

With this principle in mind, the First Step Act-inclusive conditional transition to community date algorithm is as follows:

> Sentence Expiration Date
> *Less*: Maximum Possible Good Conduct Time Credits
> *Less*: Maximum Possible First Step Act Time Credits
> *Less*: <u>Maximum Possible Second Chance Act Time Credits</u>
> Conditional Transition to Community Date

---

[5] Hoffman's sentence computation sheet demonstrates that the Federal Bureau of Prisons subtracts from Hoffman's sentence expiration date the maximum possible good conduct time credits Hoffman can earn over the life of his sentence. The Federal Bureau of Prisons then stacks Second Chance Act time credits on top of good conduct time credits.

6

This algorithm respects the principle that First Step Act time credits are determined independently of other time credits.

As applied to Hoffman, this algorithm yields a conditional transition to community date of November 22, 2024:

> September 19, 2031 (Sentence Expiration Date)
> *Less*: 576 (Good Conduct Time Credits)
> *Less*: 1551 (First Step Act Time Credits)
> *Less*: 365 (Second Chance Act Time Credits)
> November 22, 2024 (Conditional Transition to Community Date)

IV. <u>Hoffman's conditional transition to community date is November 22, 2024</u>.

For the reasons stated above, Hoffman's conditional transition to community date is November 22, 2024.

## CONCLUSION

The Court should declare that Hoffman's conditional transition to community date is November 22, 2024.

Dated: November 20, 2024

Respectfully submitted,

*/s/ Michael K. Hoffman*
Michael K. Hoffman
15651-028 Unit K1
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

7