UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael K. Hoffman, | Case No. 24-cv-04344 (KMM/SGE) |
| Plaintiff, | |
| v. | **ORDER** |
| Washington County, City of Woodbury, Kim Richardson, and Hailey Dornfeld, | |
| Defendants. | |

On December 2, 2024, Petitioner Michael K. Hoffman filed an action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his Petition, Mr. Hoffman asserted that the Federal Bureau of Prisons ("BOP") has not told him how much of the time between today and February 20, 2029, will be spent by him in a halfway house or home confinement. Mr. Hoffman alleges that the BOP is violating the First Step Act ("FSA"), the Second Chance Act ("SCA"), and his due process rights with respect to his placement in prerelease custody. He argued that a proper calculation of his earned credits would result in his immediate placement in prelease community confinement. Mr. Hoffman seeks an order requiring the BOP to transfer him immediately, or to correctly and finally calculate the date on which they will do so.

On April 11, 2025, Magistrate Judge Shannon G. Elkins issued a Report and Recommendation ("R&R") recommending denial of Mr. Hoffman's petition and that the matter be dismissed. ECF No. 8. First, the R&R concluded that Hoffman's calculations are wrong. Mr. Hoffman concludes that he is immediately eligible for transfer to prerelease

custody by assuming that he will earn FSA time credits for every month between the passage of the FSA (December 2018) and the date that Hoffman would be released from prison if he did not earn any additional credit off his sentence (September 2031) and then crediting himself with those FSA time credits immediately. But Judge Elkins noted that Mr. Hoffman has not yet earned most of those time credits, and he will do so only upon participating in evidence-based recidivism reduction programming or productive activities during the months at issue. Neither Mr. Hoffman nor the BOP can know whether Hoffman will participate in such programming or activities during months that have not yet passed. Alternatively, the R&R found that Mr. Hoffman's claim can be rejected from the perspective of standing: any claim from Hoffman that he will be kept in prison for too long by the BOP is, at this point, entirely conjectural.

On April 28, 2025, Mr. Hoffman objected to the R&R, asserting in part that it is moot in light of his subsequently filed motion to amend his petition.[1] Obj., ECF No. 11. He also challenges the R&R's other conclusions, including that it is "likely that Hoffman will not earn FSA time credits for at least some of the time for which he is crediting himself." R&R at 3.

On May 5, 2025, Mr. Hoffman filed a Motion for Leave to File a First Amended Petition. ECF No. 12. In his amended petition, Mr. Hoffman includes exhibits documenting the BOP's varying and contradictory attempts to calculate his Conditional Transition to

---

[1] The government filed a response to Mr. Hoffman's objection on May 13, 2025, stating that the Magistrate Judge correctly recommended denial and dismissal of this matter under the preliminary review provisions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. ECF No. 13.

Community date, with dates that range from later this year to two years down the road. Mr. Hoffman asserts that these exhibits will help clarify the issues presented by his petition and "detail the various Conditional Transition to Community dates the government has calculated for Hoffman." Obj. at 3. Mr. Hoffman argues that, since September 2024, the BOP has produced a series of calculations for his conditional transition to community date, all of which are incorrect. He asks for a definitive calculation of his conditional transition to community date, and argues that the correctly calculated date has already passed.

On June 6, 2025, Mr. Hoffman filed a suggestion of mootness and requested that the Court order the government to show cause for whether the proceeding is moot based on an announcement from the Director of the Federal Bureau of Prisons regarding the FSA. ECF No. 15. The latest policy reinforces the BOP's responsibility to uphold the law and ensure that eligible incarcerated individuals—particularly those who do not require transitional services at Residential Reentry Centers ("RRC")—are transferred to home confinement as soon as statutorily possible. ECF No. 16. But Mr. Hoffman seems to seek, not dismissal of his petition for being moot, but an order requiring the government to advise the Court about the impact of the new policy on his Conditional Transfer to Community date.

The Court finds no error whatsoever in Judge Elkins' original R&R. However, the Court is concerned about the widely changing Conditional Transition to Community dates contained in the records submitted by Mr. Hoffman following the R&R's issuance. ECF No. 12-1. The Court cannot discern any changes in Mr. Hoffman's conduct or participation in programming that would give rise to such significant changes in his transfer date, though

3

of course the Court has only a small selection of records from what must be a larger BOP file. The Court therefore agrees with Mr. Hoffman that, at this juncture, input from the government is necessary. Moreover, recent developments in the BOP policy combined with a thoughtful response from the government are likely to significantly alter the landscape on which Judge Elkins issued her R&R.

Therefore, **IT IS HEREBY ORDERED** that:

1) Mr. Hoffman's Motion for Leave to File a First Amended Petition is granted. The Clerk of Court shall docket the amended petition [ECF No. 12-1] as the Amended § 2241 Petition.

2) On or before July 28, 2025, the BOP shall file a response to Mr. Hoffman's Amended Petition. The response should include any relevant documents or materials from the BOP, and should address the impact, if any, of the recent policy changes within the BOP that may affect the computation of Mr. Hoffman's sentence.

3) The R&R [ECF No. 8] is rejected at this time, in light of the new information in the record before the Court.

Date: July 7, 2025                           *s/Katherine Menendez*
                                             Katherine Menendez
                                             United States District Court