**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Michael Hoffman,                                            No. 24-cv-4344 (KMM/SGE)

        Petitioner,

v.                                                                              **ORDER**

Warden, FCI Sandstone,

        Respondent.

---

On July 7, 2025, Petitioner Michael Hoffman filed an Amended Petition for a Writ of Habeas Corpus alleging that the Bureau of Prisons miscalculated his good-conduct time, First Step Act (FSA) time credits ("FTCs"), and Second Chance Act credits, all of which affect his "Conditional Transition to Community Date," or when he becomes eligible for transfer to prelease custody. (*See* Dkt. 20 at 2, 5–8.) As relief, Mr. Hoffman seeks "[a] declaration establishing [his] Conditional Transition to Community Date to be October 23, 2024, February 6, 2025, or some other date to be determined by the Court." (Dkt. 20 at 9.)

This matter is before the Court on United States Magistrate Judge Shannon G. Elkins's Report and Recommendation (R&R) recommending that Mr. Hoffman's Amended Petition[1] be denied and the matter dismissed. (Dkt. 36.) The R&R points out Mr. Hoffman's self-calculated Conditional Transition to Community Date of October 23,

---

[1] In April 2025, Judge Elkins issued an R&R recommending that Mr. Hoffman's original habeas petition be denied. (Dkt. 8.) However, Mr. Hoffman obtained leave to file an amended petition and expand the record (Dkt. 19), and Respondent submitted a response to the Amended Petition (Dkt. 21). Judge Elkins subsequently issued the R&R that is presently before this Court.

1

2024 contains errors. (*Id.* at 3–5.) And, because accounting for those errors reveals that Mr. Hoffman is not yet entitled to conditional release, he lacks standing to bring his claim. (*See id.* at 4–6.) Mr. Hoffman timely objected to the R&R.[2] (Dkt. 37.) For the reasons discussed below, the Court adopts the R&R.

### DISCUSSION

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). District courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(b)(3). Because Mr. Hoffman claims to object to the R&R "in its entirety," the Court reviews the entire R&R de novo. (Dkt. 37 at 3.) After careful consideration of the R&R and the full record before the Court, Mr. Hoffman's objections are overruled and the R&R adopted.

As Judge Elkins explained in the R&R, the calculations underlying Mr. Hoffman's Conditional Transition to Community Date of October 23, 2024 erroneously assume that he will earn the maximum number of FTCs possible and that he will be eligible to do so past his projected release date. (Dkt. 36 at 4–5.) To the extent Mr. Hoffman argues that he should already have been transferred to prerelease custody, his Amended Petition is denied with prejudice.

---

[2] Many of Mr. Hoffman's objections criticize Judge Elkins for deciding arguments he claims he didn't raise, that he raised but later conceded, or that he agrees are moot. The Court disagrees that Judge Elkins's efforts to consider the many different facets of Mr. Hoffman's position in this case are error.

As a result, there is no basis to conclude that Mr. Hoffman has alleged an injury in fact that grants him standing to bring his claim now. *Spokeo, Inc. v Robins*, 578 U.S. 330, 339 (2016) ("To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'") (quoting *Lujan v. Defenders of Wildlife*, 54 U.S. 555, 560 (1992)). The First Step Act "provides that a prisoner is eligible to have earned time credits applied for supervised release or prerelease custody only when [he] has earned time credits that equal the remainer of [his] sentence." *Mills v. Starr*, No. 21-cv-1335 (SRN/BRT), 2022 WL 4084178, at *4 (D. Minn. Aug. 17, 2022) (citing *Lallave v. Martinez*, No. 22-CV-791 (NGG/RLM), 2022 WL 2338896, at *11 (E.D.N.Y. June 29, 2022)), *report and recommendation adopted,* 2023 WL 2645030 (D. Minn. Mar. 27, 2023). Until then, Mr. Hoffman lacks standing. Therefore, the Court declines to issue any declaration establishing Mr. Hoffman's Conditional Release to Community Date, and the remainder of Mr. Hoffman's habeas petition is dismissed without prejudice for lack of standing. *Cnty. of Mille Lacs v. Benhamin*, 361 F.3d 460, 464–65 (8th Cir. 2004) (stating that dismissal on jurisdictional grounds must be without prejudice).

Mr. Hoffman argues that Judge Elkins erred in part by failing to "resolve the primary contested issue in this proceeding—*i.e.*, whether the [FSA] and its implementing regulations permit prisoners to earn time credits while serving their sentences in prerelease custody." (Dkt. 37 at 1.) Mr. Hoffman seeks a ruling that when he is placed in prerelease custody, he must be allowed to continue to earn credits. The Court disagrees that the issue must be decided now, before Mr. Hoffman has been placed in prerelease custody. Rather,

the Court's basis for denying Mr. Hoffman's petition is that the total amount of FTCs he will earn going forward is speculative and cannot be calculated yet.

However, if Mr. Hoffman can later establish standing to bring a claim that he has participated in programming during prerelease custody and should receive credits he is being denied, he is not barred from doing so. As noted in the R&R, it appears that "[t]he most recent FSA Time Credit Assessment estimates Mr. Hoffman's transition to community date to be May 27, 2026." (Dkt. 36 at 5 n.3; *see also* Dkt. 25-1 at 3 (estimating, as a "best case scenario" as of July 25, 2025, Mr. Hoffman's Conditional Transition to Community Date to be May 27, 2026).) The Court wishes Mr. Hoffman success with that placement, whenever it arrives.

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

1. The Magistrate Judge's Report and Recommendation (Dkt. 36) is **ACCEPTED**;

2. Petitioner Michael Hoffman's Amended Petition for a Writ of Habeas Corpus (Dkt. 20) is **DENIED**; and

3. This matter is **DISMISSED WITH PREJUDICE** to the extent that Petitioner claims he is entitled to a Conditional Transition to Community Date that has passed. However, Petitioner's claim that he is entitled to earn FTCs while in prerelease custody is **DISMISSED WITHOUT PREJUDICE**.

**Let Judgment be entered accordingly.**

Date: April 29, 2026                          *s/Katherine M. Menendez*
                                              Katherine M. Menendez
                                              United States District Judge

4